ZELMA BOWEN, Petitioner v. NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent

No. COA98-1335

(Filed 21 September 1999)

**Appeal and Error— assignment of error—not proper—appeal dismissed**

Plaintiff's appeal was dismissed where her assignment of error did not plainly state the statutory authority that defendant allegedly exceeded, the procedure defendant violated, or the errors of law committed; stated three errors in one assignment; and failed to provide clear and specific record or transcript references relating to each alleged error. N.C. R. App. P. 10(c).

Appeal by petitioner from order filed 17 July 1998 by Judge W. Russell Duke, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 17 August 1999.

BOWEN v. N.C. DEP'T OF HEALTH AND HUMAN SERVS.

[135 N.C. App. 122 (1999)]

*Pamlico Sound Legal Services, by M. Jason Williams, for petitioner-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Grady L. Balentine, Jr., for the State.*

GREENE, Judge.

Zelma Bowen (Plaintiff) appeals from a 14 July 1998 Superior Court order affirming a 2 January 1998 decision of the North Carolina Department of Health and Human Services (Department), which found Plaintiff ineligible for assistance under the State-County Special Assistance for Adults Program (Special Assistance).

Plaintiff applied for Special Assistance in September 1995, and Department denied Plaintiff's claim on 13 March 1997 on the ground that her "income exceeds the allowable limit to receive assistance."

_____

The dispositive issue is whether Plaintiff's assignment of error complied with Rule 10(c) of the North Carolina Rules of Appellate Procedure.

Plaintiff's sole assignment of error states: "The trial court erred in finding the decision of the Defendant/Respondent was within the statutory authority of the agency, was made upon lawful procedure, and was not affected by error of law." Assignments of error must "state plainly, concisely and without argumentation the legal basis upon which error is assigned," N.C.R. App. P. 10(c)(1); *see also* N.C.R. App. P., Appendix C, Table 4, and each assignment of error must "so far as practicable, be confined to a single issue of law." N.C.R. App. P. 10(c)(1). An appellate court may dismiss an appeal for failure to follow the Rules of Appellate Procedure. N.C.R. App. P. 25(b), 34(b)(1).

In this case, Plaintiff's assignment of error does not plainly state the statutory authority that Department exceeded, the procedure Department violated, or the errors of law Department committed. *See Kimmel v. Brett,* 92 N.C. App. 331, 334-35, 374 S.E.2d 435, 436-37 (1988) (assignment of error that trial court erred by allowing prejudicial testimony found insufficient under Rule 10 because the assignment failed to state the specific basis upon which appellant assigned error). Plaintiff's assignment of error also states three separate errors in one assignment in violation of Rule 10(c). Finally, we note that

Plaintiff's assignment of error failed to provide "clear and specific record or transcript references" relating to each alleged error. N.C.R. App. P. 10(c)(1).

Accordingly, Plaintiff's appeal is dismissed.

Dismissed.

Judges TIMMONS-GOODSON and HORTON concur.