Nicole GRAHAM, Plaintiff,

v.

BEASLEY ENTERPRISES, INC d/b/a
Red Apple Market, Defendant.

No. 2:01–CV–24–H(2).

United States District Court,
E.D. North Carolina,
Northern Division.

Aug. 2, 2001.

Robert J. Willis, Matthew D. Harbin, Law Offices of Robert J. Willis, Raleigh, NC, for plaintiff.

Lars P. Simonsen, Pritchett, Cooke & Burch, Windsor, NC, for defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendant's motion to dismiss filed on May 29, 2001. Plaintiff has responded. This matter is ripe for adjudication.

## STATEMENT OF THE CASE

The plaintiff, Nicole Graham, pursues claims for lost wages, lost benefits, and other economic and noneconomic losses that were allegedly caused by the defendant's, Beasley Enterprises, Inc., d/b/a Red Apple Market ("Beasley"), discharge of her in violation of public policy in February 1999, when the defendant terminated plaintiff's employment based on a polygraph examination allegedly conducted by an unlicensed polygraph examiner.

The plaintiff filed a complaint on April 17, 2001, in which she alleged unlawful discharge in violation of state and federal law. Specifically, plaintiff seeks relief under the federal Employee Polygraph Protection Act, 29 U.S.C. § 2001 *et. seq.*, the common law of North Carolina, and requests declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. On May 29, 2001, defendant filed the present motion to dismiss which makes two claims: (1) plaintiff's request for declaratory relief is inappropriate, and, (2) plaintiff has not stated a claim under North Carolina common law as there has been no violation of public policy.

## COURT'S DISCUSSION

### I. Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. *See Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir.1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999) (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir.1992)). After accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, motions to dismiss are granted only where the plaintiff can prove no set of facts which would entitle him to relief. *See Mylan Lab. Inc. v. Matkari,* 7 F.3d 1130 (4th Cir.1993).

### II. Analysis

■ First, defendant seemingly asserts that this court does not have jurisdiction to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 in cases in which plaintiff pleads multiple claims for relief. However, the Declaratory Judgment Act specifically states that declaratory relief is available "whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This court has the jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration" under the language of the statute whether or not plaintiff is seeking other simultaneous means of relief or judgment.

■ Second, defendant asserts that plaintiff fails to state a claim for relief under North Carolina common law. North

Carolina law has long held that, "[I]n the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." *Kurtzman v. Applied Analytical Industries,. Inc.,* 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997). In general, an at-will employee has no claim for wrongful discharge. *Sides v. Duke University,* 74 N.C.App. 331, 336, 328 S.E.2d 818, 823 (1985), overruled on other grounds.

 However, exceptions to the at-will doctrine have been recognized and, therefore, "while there may be a right to terminate [at-will employment] for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such [employment] for an unlawful reason or purpose that contravenes public policy." *Id.* at 342, 328 S.E.2d 818. Any exceptions to the at-will employment doctrine, however, "should be adopted only with substantial justification grounded in compelling consideration of public policy." *Kurtzman,* 347 N.C. at 334, 493 S.E.2d 420.

There is no specific list or bright-line rule as to what actions constitute violations of the public good, but, "at the very least, public policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes." *Amos v. Oakdale Knitting,* 331 N.C. 348, 353, 416 S.E.2d 166, 169 (1992).

Thus, the question before the court is whether or not termination of an at-will employee based on a polygraph examination taken by an unlicensed examiner is in violation of express policy declarations contained in North Carolina law. The court will proceed with its analysis assuming, for purposes of the motion to dismiss, that all of the facts alleged by plaintiff are true.

The use of an unlicensed polygraph examiner is directly in violation of N.C.Gen. Stat. §§§ 74C–1, 74C–3, and, 74C–12(a)(3). Therefore, the question is whether or not terminating an employee who allegedly failed a polygraph taken by an unlicensed, and therefore inadequate, polygraph examiner is in violation of public policy.

In *Garner v. Rentenbach Constructors, Inc.,* 350 N.C. 567, 572, 515 S.E.2d 438, 441–42 (1999), the court held that ". . . individuals should be protected from unreliable and inadequate examination[s]." *Id.* at 570, 515 S.E.2d 438. The court found that such an examination was in violation of N.C.Gen.Stat. § 95–230 which is intended to "safeguard the public health and welfare." The plaintiff in this matter relies on § 74C–1 which applies the language in the statute in *Garner* to the licensing of polygraph examiners. The purpose of § 74C–1 is to "safeguard the public health and welfare" with respect to the licensure of private investigators in their use of polygraph devices.

North Carolina law specifically governs the licensure of polygraph examiners and has a clear interest in protecting its citizens from unreliable and inadequate methods of examination and screening that is often associated with the polygraph. Therefore, taking plaintiff's allegations as true, plaintiff has stated a claim upon which relief can be granted under North Carolina law.

### CONCLUSION

Based on the above analysis, defendant's motion to dismiss is DENIED.