TED ANTHONY, CLINE W. BORDERS, AND WIFE, DORIS B. BORDERS, ARNEITHA BROOKS, ROBERT G. CARNEY, AND WIFE, WILMA J. CARNEY, WILLIAM CARTER, AND WIFE, SHIRLEY M. CARTER, ROBERT ROY FRANCIS, AND WIFE, IRIS F. FRANCIS, JOHN T. GOLD, AND WIFE, ANN C. GOLD, JACKIE W. HAWK, GERALDINE M. HAWK, THOMAS M. HAWK, MAXINE HAYNES, JASMANE HOPPER, LATONIA HOPPER, BOBBY R. HORTON, SR, AND WIFE, RUTH V. HORTON, VINCENT HUSKEY, AND WIFE, ROBIN HUSKEY, RODNEY M. McGEE, AND WIFE, PEGGY ANN McGEE, PETITIONERS v. CITY OF SHELBY, AND MICHAEL DALE PHILBECK (MAYOR), KEVIN KIRK ALLEN, BETSY HUDDLE FONVIELLE, ROBERT STILL, RALPH LANE GILBERT, III, ANDREW LEONARD HOPPER, SR., AND SAMUEL A. RAPER, IN THEIR CAPACITY AS MEMBERS OF THE COUNCIL OF THE CITY OF SHELBY, RESPONDENTS

No. COA01-1164

(Filed 6 August 2002)

**Cities and Towns— annexation ordinances—identification of area—connection by street rights-of-way—public informational meeting**

The trial court did not err by affirming annexation ordinances adopted by respondent city on 20 April 2000, because: (1) the city substantially complied with N.C.G.S. § 160A-49(i) requiring that the resolution identify the area as being under consideration for annexation; (2) petitioners failed to carry their burden of showing noncompliance with N.C.G.S. § 160A-48(b) requiring each of the areas to be connected to other portions by street rights-of-way; and (3) the public informational meeting was held in substantial compliance with N.C.G.S. § 160A-49(c1) since all persons attending the meeting were given the opportunity to ask one or more questions to which the city representatives responded.

Appeal by petitioners from order entered 21 March 2001 by Judge Timothy L. Patti in Cleveland County Superior Court. Heard in the Court of Appeals 6 June 2002.

*Deaton & Biggers, P.L.L.C., by W. Robinson Deaton, Jr., and Brian D. Gulden, for petitioner-appellants.*

*The Brough Law Firm, by Michael B. Brough, for respondent-appellee City of Shelby.*

MARTIN, Judge.

Petitioners appeal the trial court's order affirming five annexation ordinances adopted by respondent City of Shelby (here-

inafter "the City") on 20 April 2000. For reasons set forth herein, we affirm.

Briefly summarized, the record discloses that on 7 December 1998, the Shelby City Council adopted "A Resolution of Consideration for Future Annexation Actions by the City of Shelby." In this resolution, the area identified as the area of consideration for purposes of annexation planning was " 'Cleveland County (Shelby) Township No. 6.' " Subsequently, on 7 February 2000, the Shelby City Council approved and adopted resolutions of intent to extend the corporate limits which pertained to five separate proposed annexation areas: Area 1 (Melrose Drive Area); Area 2 (Bess Hoey Church Road Area); Area 3 (Rucker Downs Area); Area 3A (East Marion Street Area); and Area 4 (Northeast Area).

After providing notice to all property owners within the proposed annexation areas, a public informational meeting was held on 23 March 2000 in the city council chambers and was attended by approximately 200 people. Thereafter, on 10 April 2000, a public hearing on the proposed annexations was held and on 20 April 2000 the City Council adopted the ordinances annexing each of the five areas. The ordinances established an effective date of 30 June 2000 for the annexations of Areas 2, 3, 3A, and 4 and an effective date of 30 June 2001 for Area 1.

On 16 June 2000, petitioners filed, pursuant to G.S. § 160A-50, a petition for judicial review of the action of the City. Pursuant to G.S. § 160A-50(i), the effective dates of the annexation of all five annexation areas have been stayed pending a final judgment in this case. On 21 March 2001, the superior court entered its order affirming in all respects the actions of the City in annexing each of the five areas. Petitioners gave notice of appeal.

---

The record on appeal contains but one assignment of error:

The petitioners assign as error the Court's findings, conclusions and order that the annexation proceedings conducted by the City of Shelby were in substantial compliance with the substantive and procedural requirements of the annexation statutes, that the petitioners failed to show procedural irregularities, and the Court's affirmation of the City of Shelby's annexation of the subject five areas.

This assignment of error does not comply with Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure which provides in relevant part:

> Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned.

N.C.R. App. P. 10(c)(1). The assignment of error contends three separate and distinct errors in a single assignment of error in violation of the rule. Moreover, it is broadside and does not specify plainly and concisely the legal basis upon which error is assigned. In addition, quite likely due to their failure to observe Rule 10(c)(1), petitioners have ignored the requirement of N.C.R. App. P. 28(b)(6) that, in an appellant's brief, "[i]mmediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." The Rules of Appellate Procedure are designed to expedite appellate review and petitioners' failure to observe the requirements of the Rules subjects their appeal to dismissal. *See Bowen v. N.C. Dept. of Health & Human Services*, 135 N.C. App. 122, 519 S.E.2d 60 (1999); N.C.R. App. P. 25(b), 34(b)(1). Nevertheless, we have considered their arguments, N.C.R. App. P. 2, and affirm the trial court's order upholding the annexation of the five areas.

"Judicial review of an annexation ordinance is limited to determination of whether the annexation proceedings substantially comply with the requirements of the applicable annexation statute." *Food Town Stores v. City of Salisbury*, 300 N.C. 21, 40, 265 S.E.2d 123, 135 (1980). "[S]light irregularities will not invalidate annexation proceedings if there has been substantial compliance with all essential provisions of the law." *In re Annexation Ordinance*, 278 N.C. 641, 648, 180 S.E.2d 851, 856 (1971). With respect to appellate review of an order entered after judicial review in the superior court of an annexation proceeding, this Court has stated:

> [w]here the record upon judicial review of an annexation proceeding demonstrates substantial compliance with statutory requirements by the municipality, the burden is placed on petitioners to show by competent evidence a failure to meet those requirements or an irregularity in the proceedings which resulted in material prejudice . . . .

*Scovill Mfg. Co., Inc. v. Town of Wake Forest,* 58 N.C. App. 15, 17-18, 293 S.E.2d 240, 243, *disc. review denied,* 306 N.C. 559, 294 S.E.2d 371 (1982). If the trial court's findings of fact are supported by competent evidence, they are binding on appeal. *Huyck Corp. v. Town of Wake Forest,* 86 N.C. App. 13, 356 S.E.2d 599 (1987), *affirmed,* 321 N.C. 589, 364 S.E.2d 139 (1988). However, the conclusions of law drawn from these findings are subject to *de novo* review. *Id.*

In their appellate brief, petitioners first argue that the City has not made sufficient plans to extend police services to the annexed areas in violation of G.S. § 160A-47(3)a and that the City has failed to set forth a proposed timetable for the construction of water and sewer lines in violation of G.S. § 160A-47(3)c. However, these grounds for invalidation of the annexation ordinances were not alleged in the petition for judicial review nor were they presented to the trial court. It is well established that if an argument is not raised in the trial court, this Court will not consider it on appeal. *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of* Adjustment, 140 N.C. App. 99, 535 S.E.2d 415 (2000), *affirmed,* 354 N.C. 298, 554 S.E.2d 634 (2001); *Town of Chapel Hill v. Burchette,* 100 N.C. App. 157, 394 S.E.2d 698 (1990). Therefore, we will not consider these contentions.

Petitioners also argue that the City's Resolution of Consideration, adopted on 7 December 1998, which designated " 'Cleveland County (Shelby) Township No. 6' " as the area under consideration for annexation, was a vague and overbroad description designed to usurp the statutory requirements of G.S. § 160A-49(i). G.S. § 160A-49(i) requires that the resolution "identif[y] the area as being under consideration for annexation. . . ." In the instant case, the resolution fulfills this requirement by identifying " 'Cleveland County (Shelby) Township No. 6' by the official mapping of Cleveland County" as the area under consideration for purposes of annexation planning. Further, according to the statute, the resolution "may have a metes and bounds description or a map." As a general rule, "when the word 'may' is used in a statute, it will be construed as permissive and not mandatory." *In re Hardy,* 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978) (citations omitted). Applying this rule to the present case, neither a metes and bounds description nor a map were required. Moreover, the statute specifically contemplates that "[t]he area described under the resolution of intent may comprise a smaller area than that identified by the resolution of consideration." Thus, we conclude the City substantially complied with G.S. § 160A-49(i).

In a separate argument, petitioners contend the boundary lines of Annexation Areas 1 and 4 are arbitrary and capricious because portions of each of these areas are connected to other portions by street rights-of-way. G.S. § 160A-48(b)(1) and (2) provide:

>   (b) The total area to be annexed must meet the following standards:
>
>   (1) It must be adjacent or contiguous to the municipality's boundaries at the time the annexation proceeding is begun. . . .
>
>   (2) At least one eighth of the aggregate external boundaries of the area must coincide with the municipal boundary.

The term "contiguous area" is defined as:

>   any area which, at the time annexation procedures are initiated, either abuts directly on the municipal boundary or is separated from the municipal boundary by a street or street right-of-way, a creek or river, the right-of-way of a railroad or other public service corporation, lands owned by the municipality or some other political subdivision, or lands owned by the State of North Carolina.

N.C. Gen. Stat. § 160A-41(1) (2001).

It is undisputed that Annexation Areas 1 and 4 satisfy the one-eighth coincidence requirement. In Annexation Area 1 and 4, portions of each area are connected to other portions by the annexation of a street right-of-way corridor. Our Supreme Court has approved the connection of one portion of an annexation area to another portion through the use of such a corridor. *Hawks v. Town of Valdese*, 299 N.C. 1, 261 S.E.2d 90 (1980). In *Hawks*, the Court approved the connection of two sub-areas which were connected by a 30 foot wide strip of land (constituting one-half of the right-of-way for Highway U.S. 64-70). Significantly, similar to the present case, only one of the two sub-areas connected by the right-of-way was itself contiguous to the primary corporate limits. Following *Hawks*, we conclude that petitioners have failed to carry their burden to show noncompliance with G.S. § 160A-48(b).

Finally, petitioners assert that the City's employees unreasonably denied potential new residents their right to be heard by limiting individuals to one question at the informational hearing. According to

petitioners, this procedural irregularity harmed the residents of the newly proposed annexed areas by not giving them the appropriate information necessary for them to decide whether to support or oppose the proposed annexation.

N.C. Gen. Stat. § 160A-49(c1) requires:

all persons resident or owning property in the territory described in the notice of public hearing, and all residents of the municipality, shall be given the opportunity to ask questions and receive answers regarding the proposed annexation.

The trial court found as a fact that all persons attending the public informational meeting were given the opportunity to ask one or more questions to which the city representatives responded. Accordingly, the trial court concluded that the City was in substantial compliance with the statute.

The trial court's finding of fact is supported by the evidence. Though Ms. Ruth Horton testified that the people who attended the informational hearing were only allowed to ask one question, several other witnesses testified that there was no limit placed on the number of questions which any individual was permitted to ask. Additionally, Mr. Steven Hal Mason, assistant city manager, stated that before the meeting ended, he inquired of the audience if anyone wished to ask any more questions, and the meeting was terminated only after he received no response to his inquiry. Because the trial court's finding is supported by the evidence, it is conclusive on appeal. *See Huyck*, 86 N.C. App. 13, 356 S.E.2d 599. This finding of fact in turn supports the trial court's conclusion that the public informational meeting was conducted in substantial compliance with G.S. § 160A-49(c1).

Affirmed.

Judges WYNN and CAMPBELL concur.