CHARLES DEXTER JOHNSON, Individually and in his capacity as a shareholder of DEXTER SPORTS SUPPLEMENTS, INC. and POWERSTAR, INC., Plaintiff v. SAMUEL J. WORNOM, III; DEXTER SPORTS SUPPLEMENTS, INC.; and POWERSTAR, INC. (as nominal corporate defendants), Defendants

No. COA04-356

(Filed 4 January 2005)

## 1. Appeal and Error— appealability—interlocutory order— grant of partial summary judgment—substantial right

The trial court's grant of partial summary judgment in favor of defendant individual is immediately appealable even though it is an appeal from an interlocutory order, because: (1) a substantial right is affected and the judgment is immediately appealable when a ruling on a motion for summary judgment constitutes the final dismissal of a claim; and (2) plaintiff individual's loan broker claim was dismissed with prejudice upon the trial court's grant of summary judgment for defendant individual, and all other claims in the action have been dismissed.

## 2. Brokers— loan broker—failure to comply with statutory requirements—summary judgment

A de novo review revealed that the trial court erred by granting partial summary judgment in favor of defendant individual on plaintiff individual's claim that defendant acted as a loan broker as defined by N.C.G.S. § 66-106 and that he failed to comply with the statutory requirements governing loan brokers because viewed in the light most favorable plaintiff, defendant failed to show that there is no genuine dispute as to whether defendant acted as a loan broker given that defendant promised to, and did, procure a loan from a third party in return for consideration.

Appeal by Plaintiff from order entered 6 October 2003 by Judge James M. Webb in Superior Court, Moore County. Heard in the Court of Appeals 16 November 2004.

*Van Camp, Meacham & Newman, PLLC, by Thomas M. Van Camp, for Plaintiff-Appellant.*

*Staton, Perkinson, Doster, Post & Silverman, by Jonathan Silverman, for Defendant-Appellee.*

WYNN, Judge.

Plaintiff Charles Dexter Johnson asserts that the trial court erred in granting Defendant Samuel J. Wornom, III's motion for partial summary judgment. Johnson contends that Wornom was a loan broker as defined by North Carolina General Statute section 66-106 and failed to fulfill his loan broker obligations pursuant to North Carolina General Statute sections 66-107 *et seq.* After careful review, we reverse the trial court's order and remand for further proceedings.

A brief procedural and factual history of the instant appeal is as follows: Johnson is the founder of Dexter Sports Supplements, Inc. and Powerstar, Inc., which sell sports and nutritional dietary supplements. Wornom is, *inter alia,* the former co-owner of convenience and/or variety stores, a land developer, and a member of the board of directors of Capital Bank. Before their business dealings, Johnson and Wornom knew one another from their health club, Sanford Nautilus.

The records tends to show that in July 1998, Johnson sought a loan line for Dexter Sports Supplements, Inc. and Powerstar, Inc. from Capital Bank. But Capital Bank would not approve his loan, suggesting instead that he consult with Wornom regarding financing. Johnson soon thereafter approached Wornom at the Sanford Nautilus and inquired into his interest in investing in Johnson's businesses.

Wornom agreed to guarantee a Capital Bank loan of $82,000 for Dexter Sports Supplements, Inc. and Powerstar, Inc. in exchange for, *inter alia,* active involvement in managing the businesses and an interest in the businesses and certain real estate. Ultimately, Johnson defaulted on this loan, and Wornom, as guarantor, paid Capital Bank over $84,000 to satisfy the debt. Nevertheless, Wornom continued investing in Dexter Sports Supplements, Inc. and Powerstar, Inc. through 2000, putting up approximately $250,000.

On 2 February 2001, Johnson filed an action alleging, *inter alia,* that Wornom acted as a loan broker as defined by North Carolina General Statute section 66-106 and that he failed to comply with the statutory requirements governing loan brokers set forth in North Carolina General Statute sections 66-107 *et seq.* The parties moved for partial summary judgment. On 6 October 2003, the trial court denied Johnson's motion for summary judgment and granted Wornom's motion, finding that Wornom had not acted as a loan broker and dismissing Johnson's loan broker claim with prejudice. Johnson

**JOHNSON v. WORNOM**

[167 N.C. App. 789 (2005)]

appealed the order, while both parties voluntarily dismissed the other claims filed in the action.

---

**[1]** The grant of summary judgment as to fewer than all parties or claims is generally not appealable. *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 164, 168, 265 S.E.2d 240, 242, 245 (1980) (quotation omitted). Where a ruling on a motion for summary judgment constitutes the final dismissal of a claim, however, a substantial right is affected, and the judgment is immediately appealable. *Tinch v. Video Indus. Servs.*, 347 N.C. 380, 381-82, 493 S.E.2d 426, 427-28 (1997). Here, because Johnson's loan broker claim was dismissed with prejudice upon the trial court's grant of summary judgment for Wornom, and because all other claims in the action have been dismissed, the partial summary judgment is appealable.[1]

"We review the trial court's grant of summary judgment de novo." *White v. Consol. Planning, Inc.*, 166 N.C. App. 283, 296, 603 S.E.2d 147, 157 (2004) (citation omitted). In so doing, we undertake a two-part analysis of whether: " '(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.' " *Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000) (quoting *Gaunt v. Pittaway*, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664 (2000)). The movant has the burden of establishing the absence of any genuine issue of material fact and his/her entitlement to judgment as a matter of law. *Garner v. Rentenbach Constructors, Inc.*, 350 N.C. 567, 572, 515 S.E.2d 438, 441 (1999). The evidence must be viewed in the light most favorable to the non-moving party, and all inferences must be drawn against the movant and in favor of the non-moving party. *Id.*

**[2]** In this appeal, Johnson asserts that the trial court erred in granting Wornom's motion for partial summary judgment. Johnson contends Wornom acted as a loan broker as defined by North Carolina General Statute section 66-106 and failed to comply with loan broker obligations identified in North Carolina General Statute sections 66-107 *et seq.*

---

1. Johnson also appeals from the denial of his motion for partial summary judgment. We do not address that issue because the denial of a motion for summary judgment is interlocutory and therefore generally not appealable. *Carriker v. Carriker*, 350 N.C. 71, 73 511 S.E.2d 2, 4 (1999); *Iverson v. TM One, Inc.*, 92 N.C. App. 161, 165-66, 374 S.E.2d 160, 163 (1988).

JOHNSON v. WORNOM

[167 N.C. App. 789 (2005)]

"A 'loan broker' is any person, firm, or corporation who, in return for any consideration from any person, promises to (i) procure for such person, or assist such person in procuring, a loan from any third party; or (ii) consider whether or not it will make a loan to such person." N.C. Gen. Stat. § 66-106 (2003). A loan broker is required to provide a disclosure statement (N.C. Gen. Stat. § 66-107 (2003)), obtain a surety bond or establish a trust account (N.C. Gen. Stat. § 66-108 (2003)), and file various materials with the Secretary of State (N.C. Gen. Stat. § 66-109 (2003)).

Here, the record shows that Johnson approached Wornom about investing in Dexter Sports Supplements, Inc. and Powerstar, Inc. Wornom agreed, and the parties entered into a contract, prepared by Wornom's attorney, stating that "the business[es] asked Wornom to provide access to capital, which Wornom has agreed to do[.]" Wornom agreed to "arrange a loan at Capital Bank or other commercial bank, or he will personally loan the Business[es] the sum of $82,000[.]" In exchange, Wornom was to receive, *inter alia*, a one-half interest in certain real estate and stock warrants. Ultimately, Wornom arranged and guaranteed a loan of $82,000 from Capital Bank and received an interest in the businesses and real estate, as well as a role in the businesses' management. Given that Wornom promised to, and did, procure a loan from a third party in return for consideration, Wornom has not shown, in the light most favorable to Johnson, that there is no genuine dispute that he did not act as a loan broker. *See* N.C. Gen. Stat. § 66-106 (" "A 'loan broker' is any person . . . who, in return for any consideration from any person, promises to (i) procure for such person, or assist such person in procuring, a loan from any third party; or (ii) consider whether or not it will make a loan to such person[.]"). The trial court therefore erred in granting Wornom's motion for partial summary judgment.

Accordingly, we reverse the trial court's order granting Wornom's motion for partial summary judgment.[2]

2. Wornom has urged this Court to refrain from reviewing this case, contending that Johnson abandoned his two assignments of error by failing to reference them in his appellate briefing. First, we note that Johnson was allowed to amend his brief by adding references to his assignments of error. Moreover, the only case Wornom cites in support of his argument squarely undercuts the argument. In *Anthony v. City of Shelby*, we did indeed state that in an appellate brief, "immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. . . . [P]etitioners' failure to observe the requirements of the Rules subjects their appeal to dismissal." *Anthony v. City of Shelby*, 152 N.C. App. 144, 146, 567 S.E.2d 222, 224-25 (2002) (quotation and citations omitted). While recognizing the appellants'

Reversed and remanded.

Judges HUDSON and ELMORE concur.

———

failure to reference his assignments of error, though, in *Anthony* we expressly nevertheless considered the appellants' arguments. *Id.*