* * * * * * * * * * *
The Full Commission reviewed the prior interlocutory Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the interlocutory Decision and Order of Deputy Commissioner Rowell.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about August 26, 2003, the Industrial Commission received the plaintiff's affidavit in this matter alleging denial of adequate medical treatment and retaliatory actions.
2. On September 18, 2003, Defendant (hereinafter "NCDOC") answered and moved to dismiss asserting that the plaintiff did not comply with Rule 9(j), that he failed to show the injuries he alleged were the proximate result of a negligent act of a named state employee pursuant to Rule 12(b)(6), and that retaliatory acts are outside the jurisdiction of the Tort Claims Act.
3. On or about January 18, 2005, the plaintiff filed a Motion for Summary Judgment asserting that "negligence exists and Plaintiff is entitled to a judgment and damages as a matter of law."
4. On January 28, 2005, NCDOC filed a response to the plaintiff's Motion for Summary Judgment.
5. At the hearing before the Deputy Commissioner, the plaintiff stated no objection to the proceedings on his Motion for Summary Judgment. While on the record, the plaintiff indicated he was ready to proceed on the Motion and gave his oral argument in support of his Motion. On the record, NCDOC responded to the plaintiff's Motion for Summary Judgment.
6. Subsequent to the hearing, the plaintiff filed an Objection to the hearing, Plaintiff's Declaration in Support of Objection, and Plaintiff's Brief in Support of Objection.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. §1A-1, Rule 56(c).
2. "The party moving for summary judgment must establish the lack of any triable issue by showing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Garner v. Rentenbach Constructors,Inc., 350 N.C. 567, 572, 515 S.E.2d 438, 441 (1999) (quotingBranks v. Kern, 320 N.C. 621, 623, 359 S.E.2d 780, 782 (1987)); N.C. Gen. Stat. § 1A-1, Rule 56.
3. The plaintiff has not established the lack of any triable issue. There are genuine issues of material fact in dispute and the plaintiff is not entitled to judgment as a matter of law.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's Motion for Summary Judgment is DENIED.
2. No costs are taxed as the plaintiff was permitted to bring this claim in pauperis.
3. This matter is hereby remanded to Chief Deputy Commissioner Stephen T. Gheen, for assignment to a deputy commissioner, for further hearing on the merits, and the entry of a final Decision and Order that is consistent with this Interlocutory Decision and Order.
This 28th day of June 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER