**IN RE D.L.H.**

[198 N.C. App. 286 (2009)]

IN THE MATTER OF: D.L.H.

No. COA08-1019

(Filed 21 July 2009)

**1. Appeal and Error— mootness—juvenile confinement and probation—expiration of time—authority of district court—issue likely to recur**

An appeal in a juvenile delinquency proceeding was not dismissed as moot, even though the juvenile's probation had expired, where the issues concerned the scope of the statutory authority of the district court and were likely to recur.

**2. Juveniles— predispositional confinement—credit for time served**

The trial court erred in a juvenile proceeding by not giving the juvenile credit for time served in secure custody before her dispositional hearing, so that she served 69 days on a 14-day sentence. N.C.G.S. § 15-196.1 is applicable to juvenile commitments.

**3. Juveniles— secure custody—applicable statute**

N.C.G.S. § 7B-1903(c) applied to authorize secure custody of a juvenile where the juvenile had previously been adjudicated delinquent, admitted to subsequent probation violations, and the trial court had good cause to continue the dispositional hearing. N.C.G.S. § 7B-1903(b) and (d) apply only while the allegations of a violation are pending and not where there has been an admission and adjudication of the conduct.

**4. Juveniles— secure custody—hearings at intervals**

A juvenile confined to secure custody pending disposition or placement is entitled to a hearing at intervals of no more than 10 calendar days to determine whether continued secure custody is warranted. The trial court here failed to entertain the juvenile's motion for review of a secure custody order.

**5. Juveniles— confinement—Level 2 disposition—28 days**

The trial court can impose up to and no more than 28 days confinement in an approved juvenile detention facility for a Level 2 disposition under N.C.G.S. §§ 7B-2510(e), 7B-2506 and 7B-2508, read in *pari materia*, and the trial court was authorized to activate this juvenile's suspended 14-day sentence and impose an additional suspended 14-day confinement based on her admitted

IN RE D.L.H.

[198 N.C. App. 286 (2009)]

probation violation, with credit for time served. Furthermore, a trial court has the discretion to impose any of the alternative dispositions in N.C.G.S. § 7B-2506(1)-(23) in addition to the 28 day confinement.

**6. Juveniles— probation—extension—findings**

The trial court's findings of fact were sufficient to support the extension of a juvenile's probation under N.C.G.S. § 7B-2510(c).

Appeal by juvenile from orders entered 13 December 2007, 14 January 2008, 29 January 2008, and 25 February 2008 by Judges Sherry F. Alloway, Polly D. Sizemore, and Lawrence C. McSwain in Guilford County District Court. Heard in the Court of Appeals 12 February 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Janette Soles Nelson, for the State.*

*Leslie C. Rawls, for juvenile-appellant.*

STEELMAN, Judge.

Where juvenile was confined to a detention facility pursuant to N.C. Gen. Stat. § 7B-2506(20) on a Level 2 disposition, juvenile was entitled to receive credit for time served prior to the dispositional hearing. Where the trial court had previously found juvenile to be delinquent and juvenile subsequently admitted to probation violations, the trial court properly ordered juvenile into secure custody pending her dispositional hearing pursuant to N.C. Gen. Stat. § 7B-1903(c). Upon being confined to secure custody, juvenile was entitled to a hearing to determine if continued custody was necessary pursuant to N.C. Gen. Stat. § 7B-1906(b). The trial court had authority to impose confinement for up to twice the period authorized by statute for a Level 2 disposition and extend juvenile's probation for one year pursuant to N.C. Gen. Stat. §§ -2508, -2510(c) and (e).

## I.  Factual and Procedural Background

On 28 June 2007, a juvenile petition was filed, which alleged that D.L.H. ("juvenile") had engaged in an affray in violation of N.C. Gen. Stat. § 14-33 on 21 May 2007. On 6 July 2007, juvenile admitted to the affray and was adjudicated delinquent by Judge McSwain in Guilford County District Court. Disposition was continued until 2 August 2007. Juvenile was to remain in the Guilford County Juvenile Detention Center pending disposition. On 21 August 2007, Judge Burch entered

**IN RE D.L.H.**

[198 N.C. App. 286 (2009)]

a disposition order arising out of the 2 August 2007 hearing. Juvenile was placed on "Level 2 probation" until 31 January 2008 under a number of terms and conditions. In addition, she was sentenced to fourteen days in the Guilford County Juvenile Detention Center. This sentence was stayed upon the condition that juvenile cooperate and complete the terms of her probation. Juvenile was released from the Guilford County Juvenile Detention Center to her mother's custody.

On 9 November 2007, a motion for review was filed alleging that juvenile had been suspended from school for fighting. A second motion alleged that juvenile violated the terms of her probation by repeated absences from school. On 3 December 2007, a hearing was held on these motions before Judge Alloway. The State dismissed the first motion, and juvenile admitted the allegations in the second motion. She was ordered to serve the fourteen days in the Guilford County Juvenile Detention Center, which had been stayed by Judge Burch's order of 21 August 2007. Disposition was continued until 3 January 2008. This order was filed on 13 December 2007. On 3 January 2008, a hearing was held before Judge McSwain. He held that juvenile was delinquent and would benefit from probation. Disposition was continued to 31 January 2008. Pending disposition, juvenile was placed in the Guilford County Juvenile Detention Center. This order was filed on 14 January 2008.

On 10 January 2008, juvenile filed a motion seeking her release from custody. The motion asserted that Judge McSwain was without authority to order juvenile to be held in the Guilford County Juvenile Detention Center pending disposition. In the alternative, juvenile sought a secure custody hearing pursuant to N.C. Gen. Stat. § 7B-1906. On 29 January 2008, Judge Sizemore entered a written order stating that she was without authority to modify previous orders and continuing the motion for hearing by Judge McSwain. On 31 January 2008, juvenile appeared before Judge McSwain. A Level 2 disposition order was entered on 25 February 2008. Juvenile's probation was extended for twelve months through 31 January 2009. A fourteen-day sentence at the Guilford County Juvenile Detention Center was stayed upon compliance with special and general conditions of probation. The matter was set for further review on 28 February 2008.

On 26 February 2008, juvenile appealed the order entered on 13 December 2007 by Judge Alloway; the order entered on 14 January 2008 by Judge McSwain; the order entered on 29 January 2008

**IN RE D.L.H.**

[198 N.C. App. 286 (2009)]

by Judge Sizemore; and the order entered on 25 February 2008 by Judge McSwain.

## II. Mootness

**[1]** As an initial matter, we must determine whether juvenile's assignments of error are moot and should be dismissed. Our Supreme Court has stated, "[w]henever, during the course of litigation it develops . . . that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978) (citations omitted), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). However, there are long-standing exceptions to dismissals based upon the doctrine of mootness, including cases which are "capable of repetition, yet evading review[.]" *Boney Publishers, Inc. v. Burlington City Council*, 151 N.C. App. 651, 654, 566 S.E.2d 701, 703 (quotation omitted), *disc. review denied*, 356 N.C. 297, 571 S.E.2d 221 (2002). For this particular exception to apply, two elements are required: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 654, 566 S.E.2d at 703-04 (quotation and alterations omitted).

In the instant case, juvenile's notice of appeal is dated 26 February 2008. Her appeal was calendared for hearing before this Court on 12 February 2009, approximately one year later. Juvenile concedes in her brief that this Court cannot give juvenile "back the days she was wrongfully confined" and we further note that the extension of juvenile's probation until 31 January 2009 has expired at this time. Therefore, our holding in this case would be moot as to juvenile. However, since the issues in this case concern the scope of statutory authority of the district court, we address the merits of juvenile's appeal as the matters in controversy are likely to recur. *See In re Doe*, 329 N.C. 743, 748-49 n.7, 407 S.E.2d 798, 801 n.7 (1991).

## III. Credit for Time Served

**[2]** In her first argument, juvenile contends that the trial court erred by failing to give her credit for the time she served in secure custody prior to her dispositional hearing. We agree.

Juvenile argues that when she received the fourteen-day sentence in August 2007, she received no credit for the twenty-seven days that

she spent in detention awaiting the dispositional hearing. When the fourteen-day sentence was activated in December 2007, she received no credit for time already served. In January 2008, she was held in detention pending a dispositional hearing for twenty-eight additional days. Defendant argues that she served sixty-nine days on a fourteen-day sentence, and that under the provisions of N.C. Gen. Stat. §§ 7B-2508 and -2510, the maximum sentence she could have received for a Level 2 disposition was fourteen days.

In support of her contention, juvenile cites N.C. Gen. Stat. § 15-196.1, which provides:

The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody pending trial, trial de novo, appeal, retrial, or pending parole, probation, or post-release supervision revocation hearing: Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.

N.C. Gen. Stat. § 15-196.1 (2007). We note that there is not a similar statute found within the Juvenile Code. However, the application of this statute in the context of juvenile proceedings was addressed in the case of *In re Allison*, 143 N.C. App. 586, 547 S.E.2d 169 (2001) and in the unpublished decision of *In re R.T.L.*, 183 N.C. App. 299, 644 S.E.2d 269 (2007) (unpublished).

In *In re Allison*, the juvenile was committed to a residential training school facility for an indefinite term, not to exceed 450 days. She was subsequently released from the training school without having served the entire term, but with conditions. She immediately violated those conditions and the trial court placed her in detention pending the procurement of a placement in an inpatient treatment facility. Ultimately, such a placement could not be procured, and the juvenile was recommitted to the Division of Youth Services "to finish the commitment term of an indefinite term not to exceed 450 days . . . ." *In re Allison*, 143 N.C. App. at 590, 547 S.E.2d at 172. In the meantime, the juvenile had committed additional delinquent acts, for which the trial

court committed her to training school for a minimum of six months. *Id.* at 588-90, 547 S.E.2d at 170-72.

On appeal, the juvenile first argued that she had received punishments greater than an adult would have received for a similar offense. This argument was rejected by this Court, holding "there exists a rational basis for the legislature's disparate treatment of adults and children, and that G.S. § 7B-2513(a) was not unconstitutionally applied to [the juvenile] . . . in derogation of her equal protection rights." *Id.* at 596, 547 S.E.2d at 175 (citations omitted).

The juvenile further argued that she was not given credit for time served. We rejected this argument for two reasons. First, the language of the first commitment, "to finish the commitment term[,]" expressly gave juvenile credit for time served pending her dispositional hearing. Second, the credit was not applicable to the second commitment under the terms of the last sentence of N.C. Gen. Stat. § 15-196.1: "Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject." *Id.* at 600, 547 S.E.2d at 177.

In *In re R.L.T.*, this Court held that the juvenile was "entitled to a sentencing credit for the number of days he spent in detention prior to the adjudicatory hearing." *In re R.L.T.*, No. COA06-1089, 2007 N.C. App. LEXIS 1025, at *7 (N.C. Ct. App. 2007) (citing *In re Allison*, 143 N.C. App. at 586, 547 S.E.2d at 169).

*In re Allison* expressly holds that the provisions of N.C. Gen. Stat. § 15-196.1 are applicable to juvenile commitments. We are unable to distinguish the instant case from *In re Allison*, and under the case of *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), we are bound by that holding. It was error for the trial court not to give credit to juvenile in this case for time spent in detention towards her fourteen-day sentence.

### IV. Secure Custody Pending Disposition

[3] In her second argument, juvenile contends that the trial court erred by ordering her into secure custody after her admission of probation violations because under the facts of this case, detention was not authorized pending disposition. We disagree.

Juvenile contends that this issue is controlled by N.C. Gen. Stat. § 7B-1903(d), and in the alternative § 7B-1903(b). Subsection (d) provides that "[t]he court may order secure custody for a juvenile who is

*alleged to have violated the conditions of the juvenile's probation* or post-release supervision, but only if the juvenile is alleged to have committed acts that damage property or injure persons." N.C. Gen. Stat. § 7B-1903(d) (2007) (emphasis added). By its express language, this provision is only applicable while the allegations of a violation are pending. *See State v. Bates*, 348 N.C. 29, 34, 497 S.E.2d 276, 279 (1998) (stating the intent of the legislature is first ascertained by the plain language of the statute), *cert. denied*, 538 U.S. 1061, 155 L. Ed. 2d 1113 (1999).

In the instant case, juvenile was ordered into secure custody after her admission of the violations at an adjudication hearing. N.C. Gen. Stat. § 7B-1903(d) is inapplicable to this case.

Based upon the same reasoning, N.C. Gen. Stat. § 7B-1903(b) is not applicable to this case. That subsection provides "[w]hen a request is made for secure custody, the court may order secure custody only where the court finds there is a *reasonable factual basis to believe that the juvenile committed the offense as alleged in the petition* . . . ." N.C. Gen. Stat. § 7B-1903(b) (2007) (emphasis added). This provision, by its express terms, applies prior to a determination as to whether the juvenile committed the acts alleged in the petition, and not where there has been an admission and adjudication of the conduct.

This issue is controlled by N.C. Gen. Stat. § 7B-1903(c), which provides that "[w]hen a juvenile has been adjudicated delinquent, the court may order secure custody pending the dispositional hearing or pending placement of the juvenile pursuant to G.S. 7B-2506." N.C. Gen. Stat. § 7B-1903(c) (2007). In this case, juvenile was adjudicated as delinquent on 17 July 2007 by Judge McSwain. On 3 December 2007, juvenile admitted she violated the terms of her probation by repeatedly being absent from school. Judge Alloway activated juvenile's suspended fourteen-day sentence, which had previously been stayed and continued further disposition until 3 January 2008 in order for Judge McSwain to determine whether there were "any other conditions that he want[ed] imposed on her."

On 3 January 2008, Judge McSwain continued the dispositional hearing until 31 January 2008 and placed juvenile at the Guilford County Juvenile Detention Center until that time. We note Judge McSwain continued the dispositional hearing because it was necessary for the court counselor and juvenile's mother to determine whether out-of-home placement was appropriate for juvenile, which

was permissible pursuant to N.C. Gen. Stat. § 7B-2406. *See* N.C. Gen. Stat. § 7B-2406 (2007) (providing that a trial court may continue a hearing "for as long as is reasonably required to receive additional evidence, reports, or assessments that the court has requested, or other information needed in the best interests of the juvenile and to allow for a reasonable time for the parties to conduct expeditious discovery.").

Because juvenile had previously been adjudicated as delinquent, admitted to subsequent probation violations, and the trial court had good cause to continue the dispositional hearing, the trial court properly ordered juvenile be confined to secure custody pending disposition pursuant to N.C. Gen. Stat. § 7B-1903(c). This assignment of error is without merit.

### V. Authority to Modify Secure Custody

[4] In her third argument, juvenile contends that the trial court erred by refusing to consider her pending motion for release from secure custody. We agree.

On 10 January 2008, juvenile filed a motion seeking her release from custody and asserted that Judge McSwain was without authority to order juvenile to be held in the Guilford County Juvenile Detention Center pending disposition. In the alternative, juvenile sought a secure custody hearing pursuant to N.C. Gen. Stat. § 7B-1906(b). Following a hearing on 11 January 2008, Judge Sizemore entered an order on 29 January 2008, concluding that:

1. The undersigned judge does not have authority to modify the orders entered by Judge Alloway and Judge McSwain.

2. Any request to modify the secure custody prior to the hearing date of January 31, 2008 should be brought before Judge McSwain.

As set forth in Section IV of this opinion, juvenile's first contention within her motion to release is without merit. We now turn to whether juvenile was entitled to a secure custody hearing pursuant to N.C. Gen. Stat. § 7B-1906(b).

Whether the requirements of N.C. Gen. Stat. § 7B-1906(b) apply to the imposition of secure custody pursuant to N.C. Gen. Stat. § 7B-1903(c) is an issue of first impression. "The cardinal principle of statutory construction is to discern the intent of the legislature. In discerning the intent of the General Assembly, statutes *in pari mate-*

*ria* should be construed together and harmonized whenever possible." *State v. Jones*, 359 N.C. 832, 835-36, 616 S.E.2d 496, 498 (2005) (internal citations omitted). Further, "[a]ll parts of the same statute dealing with the same subject are to be construed together as a whole, and every part thereof must be given effect if this can be done by any fair and reasonable interpretation." *State v. Tew*, 326 N.C. 732, 739, 392 S.E.2d 603, 607 (1990) (citation omitted).

Both N.C. Gen. Stat. §§ 7B-1903 and -1906 appear in Article 19 entitled "Temporary Custody; Secure and Nonsecure Custody; Custody Hearings" in Division 2 of Chapter 7B of the Juvenile Code. As stated above, N.C. Gen. Stat. § 7B-1903 sets forth the criteria that must be met in order for a trial court to impose secure or nonsecure custody. N.C. Gen. Stat. § 7B-1906(b) (2007) provides, in relevant part, that "[a]s long as the juvenile remains in secure or nonsecure custody, further hearings to determine the need for continued secure custody *shall* be held at intervals of no more than 10 calendar days." (Emphasis added). Further, N.C. Gen. Stat. § 7B-1906(e) (2007) provides that "[t]he court shall be bound by criteria set forth in G.S. 7B-1903 in determining whether continued custody is warranted."

Applying the rules of statutory construction and construing the provisions of N.C. Gen. Stat. §§ 7B-1903, -1906(b) and (e) *in para materia*, we hold that a juvenile confined to secure custody pending disposition or placement is entitled to a hearing at intervals of no more than 10 calendar days to determine whether continued secure custody is warranted.

Because N.C. Gen. Stat. § 7B-1903 provides for secure custody during both pre-adjudication and post-adjudication, pending disposition, there is no reason that N.C. Gen. Stat. § 7B-1906(b) hearings should be limited to pre-adjudication confinement. The trial court erred by failing to entertain juvenile's 11 January 2008 motion to review the order of secure custody under N.C. Gen. Stat. § 7B-1906(b).

## VI.  Reinstatement of Confinement and Extension of Probation

[5] In her fourth argument, juvenile contends that the trial court had no authority to "reinstate[] a sentence already served and extend[] her probation" at the 31 January 2008 hearing.[1] Juvenile also con-

---

1. Juvenile is referring to the 25 February 2008 order, in which the trial court imposed an additional 14-day suspended sentence and extended her probation for one. year, after she had served the fourteen-day sentence that was suspended pursuant to the trial court's 21 August 2007 order.

tends the trial court erred when it failed to enter the "statutorily-mandated findings of fact" to support the extension of her probation. We disagree.

If the trial court finds, by the greater weight of the evidence, that the juvenile has violated his or her probation, the trial court may (1) continue the original conditions of probation, (2) modify the conditions of probation, or (3) order a new disposition at the next higher level. N.C. Gen. Stat. § 7B-2510(e) (2007). "A court shall not order a Level 3 disposition for violation of the conditions of probation by a juvenile adjudicated delinquent for an offense classified as minor under G.S. 7B-2508." N.C. Gen. Stat. § 7B-2510(f) (2007).

In the instant case, the offenses that constituted violations of juvenile's probation were minor and could not be the basis for a Level 3 disposition. *See* N.C. Gen. Stat. § 7B-2510(f). The trial court could either continue the original conditions of probation or modify those conditions. N.C. Gen. Stat. § 7B-2510(e) allows the trial court to impose an order of confinement for up to twice the amount of time authorized by statute. N.C. Gen. Stat. § 7B-2506(20) (2007) allows the trial court to order a juvenile who has been adjudicated delinquent to be confined in an approved juvenile detention facility for a term of up to 14 24-hour periods. *See also* N.C. Gen. Stat. § 7B-2508(d) (2007) (providing that "a Level 2 disposition . . . shall provide for at least one of the intermediate dispositions authorized in subdivisions (13) through (23) of G.S. 7B-2506."). Reading N.C. Gen. Stat. § 7B-2510(e) in conjunction with N.C. Gen. Stat. §§ 7B-2506 and -2508, we hold the trial court can impose up to and no more than twenty-eight days confinement in an approved juvenile detention facility for a Level 2 disposition. Therefore, the trial court was authorized to activate juvenile's suspended fourteen-day sentence in the 2 August 2007 order and impose an additional suspended fourteen-day period of confinement based on her admitted probation violation at the 3 December hearing, for a total of twenty-eight days confinement. However, based upon the facts of this case and our holding in Section I of this opinion, juvenile was entitled to credit for time served in detention prior to the dispositional hearing.

Further, a trial court has the discretion to impose any of the alternative dispositions contained in N.C. Gen. Stat. § 2506(1)-(23) in addition to the twenty-eight day confinement permitted by N.C. Gen. Stat. §§ 7B-2506(20) and -2510(e), including placing the juvenile on probation under the supervision of a juvenile court counselor. *See* N.C. Gen. Stat. § 7B-2508(d); N.C. Gen. Stat. § 7B-2506(8).

[6] N.C. Gen. Stat. § 7B-2510(c) (2007) provides that prior to the expiration of an order of probation, a trial court is permitted to extend a juvenile's probation for an additional period of one year after a hearing, "if the court finds that the extension is necessary to protect the community or to safeguard the welfare of the juvenile."

In the order filed 25 February 2008, the trial court made sixteen findings of fact, which detailed juvenile's adjudicatory and dispositional history. The trial court found the following: (1) juvenile was repeatedly absent from school; (2) juvenile's mother informed the court that juvenile "comes and goes as she pleases" and "ignores curfews[;]" (3) on 3 January 2008 juvenile's mother was not willing to have juvenile placed at home; (4) the court counselor saw juvenile become disrespectful to the school resource officer; and (5) juvenile received fifteen risk points on the Risk and Needs Assessment. The trial court concluded that "juvenile will benefit from being extended on probation under the supervision of the Court" and it "would be in the best interest of the juvenile for Step By Step to be involved with the family." The trial court extended juvenile's probation for a period of one year and imposed several special terms and conditions. We hold the trial court's findings of fact are sufficient to support the extension of juvenile's probation.

Juvenile's remaining assignment of error brought forward in the record on appeal, but not argued in her brief, is deemed abandoned. N.C.R. App. P. 28(b)(6) (2008).

## VII. Conclusion

When a juvenile has been previously adjudicated delinquent and admits violations of his or her probation at an adjudication hearing, the juvenile may be ordered into secure custody pending disposition pursuant to N.C. Gen. Stat. § 7B-1903(c). When a trial court orders a juvenile into secure custody pending disposition, the juvenile is entitled to a hearing at intervals of no more than 10 calendar days to determine whether continued secure custody is warranted pursuant to N.C. Gen. Stat. § 7B-1906(b). Credit for time served in secure custody pending disposition should be applied to the sentence imposed at the juvenile's dispositional hearing.

Pursuant to N.C. Gen. Stat. §§ 7B-2506, -2508, and -2510(e), the trial court can impose up to twenty-eight days confinement in an approved juvenile detention facility for a Level 2 disposition. If the trial court finds that the extension of a juvenile's probationary period

is necessary to protect the community or to safeguard the welfare of the juvenile, the trial court is permitted to extend the probation for an additional period of one year after a hearing.

AFFIRMED IN PART and REVERSED IN PART.

Judges GEER and STEPHENS concur.