STROUD, Judge.
 

 *544
 
 Defendant appeals from an order terminating plaintiff's child support obligations and denying her motion for contempt and attorney's fees. Because the trial court terminated plaintiff's child support obligation based solely upon the terms of the parties' incorporated agreement, which was less generous than North Carolina General Statute § 50-13.4 as to the terminating events for the child support obligation, we must
 
 *545
 
 reverse and remand to the trial court for entry of a new order based upon North Carolina General Statute § 50-13.4.
 

 I. Background
 

 The parties were married on 6 June 1993, separated on or about 15 November 1999, and divorced on 22 December 2006. One child, Doug,
 
 [1]
 
 was born to the parties during the course of their marriage on 15 July 1994. On 22 March 2013, plaintiff filed a motion seeking to terminate his obligation to pay child support, which was established by the parties' separation agreement as incorporated into their divorce judgment. The separation agreement acknowledged "that [Doug] has been diagnosed as having an autism spectrum disorder and is thus a child with special needs who requires particular care." The separation agreement then provided for specific child support payments
 

 until such time as ... [Doug] becomes emancipated under North Carolina law or turns age eighteen, unless he is still a full-time secondary school student in which case it will continue until he is no longer a full-time secondary school student or turns age twenty, whichever first occurs.
 

 In plaintiff's motion to terminate child support, plaintiff alleged that Doug was no longer in a home school program or in a secondary school, that Doug turned eighteen in July 2012, and that "the only way for [Doug] to obtain a North Carolina Diploma is there [sic] enrollment in a GED or Community College High School Program."
 

 On 14 May 2013, defendant responded to plaintiff's motion to terminate child support alleging that, contrary to plaintiff's allegations, Doug was "still making progress towards
 
 *208
 
 a NC high school diploma, not a GED, and [wa]s expected to finish the requirements for his diploma by the summer of 2013." On 14 May 2013, defendant filed a motion for contempt and attorney's fees, in which she alleged that plaintiff failed to pay his child support obligations from February 2013 and that such failure was "willful[] and without legal justification or excuse."
 

 On 26 June 2014, the trial court entered an order in which it made numerous findings of fact and concluded that Doug "did not attend school full time after December 2012." Based upon its findings and conclusions, the trial court granted plaintiff's motion to terminate his child support obligation and denied defendant's motion for contempt and attorney's fees. Defendant appeals.
 

 *546
 
 II. Motion to Terminate
 

 Defendant first contends that "the trial court erred in granting the plaintiff's motion to terminate[.]" (Original in all caps.)
 

 [W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. While findings of fact by the trial court in a non-jury case are conclusive on appeal if there is evidence to support those findings, conclusions of law are reviewable
 
 de novo.
 

 Romulus v. Romulus,
 

 215 N.C.App. 495
 
 , 498,
 
 715 S.E.2d 308
 
 , 311 (2011) (citations and quotation marks omitted).
 

 We must first seek to determine the effective date of the termination of child support according the trial court's order. The order states simply "[t]hat the motion to terminate child support is granted" but fails to include the date of termination. Defendant's own brief concedes that plaintiff paid child support until late February of 2013, and plaintiff's motion requested termination effective 1 March 2013, but it is not clear from the order when exactly plaintiff stopped making child support payments and for what, if any, remaining months defendant contended plaintiff should be required to further pay child support.
 
 [2]
 
 The order does find that Doug "did not attend school full time after December 2012[,]" but also includes a finding that he "returned to being homeschooled by defendant on January 21st 2013 and received a high school diploma" on 30 August 2013. Reading the order in its entirety and in conjunction with the other evidence, it appears that the trial court determined support should terminate as of January of 2013, although again, even defendant contends plaintiff made payments after this date, though perhaps the February 2013 payment was a late payment for a prior month. Overall, we are unable to discern when plaintiff stopped paying child support or the effective date of the trial court's order.
 

 What the evidence does in fact show is a matter the trial court is to resolve, and its determination should be stated in appropriate and adequate findings of fact....
 

 *547
 
 Our decision to remand this case for further evidentiary findings is not the result of an obeisance to mere technicality. Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.
 

 Farmers Bank, Pilot Mountain v. Michael T. Brown Distributors, Inc.,
 

 307 N.C. 342
 
 , 352-53,
 
 298 S.E.2d 357
 
 , 363 (1983). Therefore, we reverse and remand for further findings of fact on this issue. But in addition to this relatively minor detail, we would still have to reverse and remand due to a legal error in this case.
 

 *209
 
 North Carolina General Statute § 50-13.4(c) provides, in relevant part, that child support payments
 

 shall terminate when the child reaches the age of 18 except:
 

 ....
 

 (2) If the child is still in primary or secondary school when the child reaches age 18, support payments shall continue until the child graduates, otherwise ceases to attend school on a regular basis, fails to make satisfactory academic progress towards graduation, or reaches age 20, whichever comes first, unless the court in its discretion orders that payments cease at age 18 or prior to high school graduation.
 

 N.C. Gen.Stat. § 50-13.4(c)(2) (2013). Thus, as a general rule, North Carolina General Statute 50-13.4(c)(2) establishes the minimum duration of the child support obligation under North Carolina law.
 
 See
 
 id.
 

 A supporting parent may enter into an enforceable agreement to pay more than would be required under the child support guidelines or to pay for
 
 *548
 
 a longer period of time than required by North Carolina General Statute § 50-13.4(c) (2), but if the contractual child support amount or duration is less than required by statute, the child support obligee may still recover child support up to the amount and duration required under the statute.
 
 [3]
 

 See, e.g.,
 

 Smith v. Smith,
 

 121 N.C.App. 334
 
 , 340,
 
 465 S.E.2d 52
 
 , 56 (1996) ("The law of this State establishes that a parent can assume contractual obligations to his child greater than the law otherwise imposes." (citation and quotation marks omitted));
 
 see generally
 

 Pataky v. Pataky,
 

 160 N.C.App. 289
 
 ,
 
 585 S.E.2d 404
 
 (2003) (providing an overview for agreements between the parties and deviation from child support guidelines),
 
 aff'd in part and review improvidently allowed in part per curiam,
 

 359 N.C. 65
 
 ,
 
 602 S.E.2d 360
 
 (2004). Although the provisions of North Carolina General Statute § 50-13.4(c)(2) as to time for termination are similar to those of the agreement, they are not exactly the same. Plaintiff agreed to pay child support
 

 until such time as ... [Doug] becomes emancipated under North Carolina law or turns age eighteen, unless he is still a full-time secondary school student in which case it will continue until he is no longer a full-time secondary school student or turns age twenty, whichever first occurs.
 

 The trial court found "[t]hat the incorporated agreement between the parties is enforceable by this court and that the agreement goes beyond what the guidelines provide" because the agreement "was a deviation from the child support guidelines and took into account the child's special needs and the family's circumstances." The separation agreement does go "beyond what the guidelines provide" as to the monthly obligation amounts but as to duration of the obligation, the statute is actually more generous since it does not require "full-time" school attendance for continued payments, and thus the statute controls.
 
 See
 
 N.C. Gen.Stat. § 50-13.4(c)(2) ;
 
 see also
 

 Smith,
 

 121 N.C.App. at 340
 
 ,
 
 465 S.E.2d at 56
 
 .
 

 The trial court made detailed findings of fact regarding Doug's school attendance over many years and course work for 2012 and 2013, and plaintiff does not challenge most of these findings of fact. The trial court ultimately determined that the course work after December 2012
 
 *549
 
 was not enough to qualify Doug as a "full-time" student as required by the separation agreement. But this requirement of "full-time" attendance is the relevant difference between the terms of the agreement and the statute, since North Carolina General Statute § 50-13.4(c)(2) does not require "full time" school attendance of school but instead that the student "attend school on a regular basis" and "make satisfactory academic progress towards graduation[.]" N.C. Gen.Stat. § 50-13.4(c)(2). In other words, pursuant to North Carolina General Statute § 50-13.4(c)(2), if a student attends
 
 *210
 
 school regularly, albeit not on a full-time basis, and continues to make satisfactory academic progress towards graduation, child support would continue, unless the trial court were to order "in its discretion ... that payments cease at age 18 or prior to high school graduation."
 
 See
 
 id.
 

 Here, the trial court appears to have based its determination to grant plaintiff's motion to terminate solely on the basis that Doug was not a "full-time" student, based upon the language of the separation agreement, without consideration of the language in North Carolina General Statute § 50-13.4(c)(2). The findings of fact establish that Doug was being homeschooled after December 2012 and that Doug "received a high school diploma" in August of 2013. Since Doug was still being homeschooled, and he actually received a diploma in August of 2013, it would seem that he was likely regularly attending school and making "satisfactory academic progress towards graduation" from January 2013 until August 2013.
 
 [4]
 
 If that is true, based upon the findings before us, plaintiff's child support obligation would end as of August 2013, when Doug received his diploma. Because the trial court failed to consider the proper statutory terminating events for the child support obligation-"otherwise cease[ing] to attend school on a regular basis" or "fail [ure] to make satisfactory academic progress towards graduation," "whichever comes first"-we must remand for the trial court to make additional findings of fact and the necessary conclusions of law.
 

 Id.
 

 Yet North Carolina General Statute § 50-13.4(c)(2) has additional relevant provisions, since it also grants the trial court discretion to order that child support payments "cease at age 18 or prior to high school
 
 *550
 
 graduation."
 

 Id.
 

 Thus, in addition, to the statutorily-mandated terminating events discussed above, the trial court may consider whether in its discretion the child support should cease at age 18 but "prior to high school graduation" under the particular circumstances presented by this case; again, this is a discretionary determination vested in the trial court.
 
 See
 
 id.
 

 Because the trial court also failed to consider the statute which gave it discretion to terminate or continue the child support obligation at age 18, depending upon the trial court's ultimate determination based upon the statute on remand, it may be necessary for the trial court to also make the discretionary ruling on remand.
 
 See generally
 
 id.
 

 We reverse and remand for the trial court to consider plaintiff's statutory obligation to Doug pursuant to North Carolina General Statute § 50-13.4(c)(2). While the trial court may ultimately come to the same result, it must be supported by the requisite findings of fact based upon the applicable law.
 

 III. Motion for Contempt and Attorney's Fees
 

 Defendant next contends that "the trial court erred in denying the defendant's motion for contempt and attorney's fees[.]" (Original in all caps.) Because the denial of plaintiff's motion for contempt and attorney's fees is predicated on the erroneous determination that plaintiff was no longer obligated to pay child support as of December 2012 because Doug was no longer a full-time student, we also reverse and remand this portion of the trial court's order. Again, depending upon the termination date of the child support obligation as determined on remand, the trial court could reach the same result or would need to make additional findings and conclusions regarding child support arrears owed, as appropriate.
 

 IV. Conclusion
 

 For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED.
 

 Judges McCULLOUGH and INMAN concur.
 

 [1]
 

 A pseudonym is used to protect the identity of the parties' son.
 

 [2]
 

 Even assuming it is uncontroverted that plaintiff ceased paying child support on 28 February 2013, as defendant claims, that does not clarify for which month the final payment was made because a payment made in February could be support for the month of February or could be, for example, a payment in February intended to support the child for the month of March.
 

 [3]
 

 We recognize that a child support order may deviate from the amount required by the child support guidelines and require payment of either more or less than the guideline amount, but any deviation must still be based upon appropriate factors and supported by findings of fact. N.C. Gen.Stat. § 50-13.4(c).
 

 [4]
 

 We say that this
 
 seems
 
 to be true, because in addition to the findings of Doug's continued home-schooling and ultimate graduation, the trial court also expressed concerns about the legitimacy of defendant's home-schooling efforts. All of these findings are also in the context of education of a child with "autism spectrum disorder" who had non-traditional education for much of his life. We are unable to reconcile all of these findings, but the question presented in this appeal is not the quality of Doug's education or the validity of his high school diploma.