IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-490

Filed: 21 January 2020

Gaston County, No. 17 JB 239

IN THE MATTER OF: H.D.H.

Appeal by juvenile from order entered 3 January 2019 by Judge Angela G. Hoyle in District Court, Gaston County. Heard in the Court of Appeals 4 December 2019.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Sharon Patrick-Wilson, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Katz, for juvenile-appellant.*

STROUD, Judge.

Helen[1] appeals from an order extending her probation for an additional six months. Helen argues the trial court's findings of fact were insufficient to support the extension. Because the trial court's order extending Helen's probation is not supported by sufficient findings, we reverse and remand for the trial court to add written findings in accordance with North Carolina General Statute § 7B-2510(c).

I.     Background

---

[1] A pseudonym is used to protect the juvenile's identity and for ease of reading.

On 13 September 2017, an undisciplined juvenile petition was filed alleging Helen had fifteen unexcused absences from school and was in violation of "NC GS 7B-1501(27)(a) Truancy." Helen admitted the allegations of the petition and was placed "under the protective supervision of a court counselor" for three months. The conditions of Helen's supervision required her to: (1) attend school regularly, not have any unexcused absences, tardies, in school or out of school suspensions; (2) maintain passing grades; (3) remain on good behavior; (4) report to a court counselor; (5) not possess any alcoholic beverages or illegal drugs and submit to random drug screens; and (6) have no contact with certain individuals identified by the court.

On 27 November 2017, a petition was filed alleging Helen violated a contempt warning by having two unexcused absences, receiving a three-day out-of-school suspension, and refusing to stay after school for a meeting. At a hearing on 14 December 2017, Helen admitted to indirect contempt. The trial court imposed a level one disposition and placed Helen on twelve months of probation. The terms of the order required Helen to: (1) comply with a curfew; (2) not associate with two individuals identified by the court; (3) spend five days in secure custody; (4) fully cooperate with all mental health recommendations, including therapy, a substance abuse program, medication management, and out of home placement; (5) cooperate with the Port Program; (6) attend school, each and every day, with no unexcused

absences, tardies, in school or out of suspensions; and (7) abide by all school rules and regulations.

A motion for review was filed on 3 December 2018. The motion stated that while Helen had abided by the terms of her probation and made great progress overall, the State requested her probation be "extended for six months to allow Juvenile Justice Staff to monitor the juvenile's attendance, and behaviors until the end of this school year." At the review hearing, the State explained Helen had recently transitioned back to living with her mother and extending probation would "get her to the end of the school year." The State was also concerned that Helen was struggling with one class. The State noted Helen's therapist recommended extending probation because she was participating in a six-month program that had only recently begun. Helen asked for her probation supervision to be terminated. The trial court stated at the hearing, "I want you to move off probation quickly but I also want you to continue to do well. And I think you've done well partly because you've come in, you got to talk to us, and we put services in place." The trial court extended Helen's probation for six months but failed to include written findings or conclusions in its order. Helen timely appealed.

## II. Standard of Review

"[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and

whether its conclusions of law were proper in light of such facts." *Malone v. Hutchinson-Malone,* 246 N.C. App. 544, 546, 784 S.E.2d 206, 208 (2016) (alteration in original) (quoting *Romulus v. Romulus*, 215 N.C. App. 495, 498, 715 S.E.2d 308, 311 (2011)).

The parties disagree on whether North Carolina General Statute § 7B-2510(c) requires the trial court to make written findings. "Questions of statutory interpretation are questions of law, which are reviewed *de novo* by an appellate court." *Thomas v. Williams*, 242 N.C. App. 236, 239, 773 S.E.2d 900, 902 (2015) (quoting *State v. Largent*, 197 N.C. App. 614, 617, 677 S.E.2d 514, 517 (2009)).

### III.    Review Hearing Order

Helen argues

> [t]he trial court committed reversible error by extending Helen's probation for six months because the trial court's findings of fact were insufficient to support the extension. The court made no oral or written findings that the extension was necessary to protect the community or necessary to safeguard the welfare of the juvenile, as required by N.C.G.S. § 7B-2510(c).

The State argues that the trial court was not required to make written findings in this case and cites to several cases in which this Court has found some findings to be sufficient. However, this case is distinct from the cases cited by the State because those cases were not based upon North Carolina General Statute § 7B-2510(c), with the exception of *In re D.L.H.,* 198 N.C. App. 286, 296, 679 S.E.2d 449, 456 (2009),

*rev'd*, 364 N.C. 214, 694 S.E.2d 753 (2010), and, here, the trial court made *no* findings of fact or conclusions of law in the order on appeal.

North Carolina General Statute § 7B-2510 provides for extending a juvenile's probation:

> An order of probation shall remain in force for a period not to exceed one year from the date entered. Prior to expiration of an order of probation, the court may extend it for an additional period of one year after notice and a hearing, if the court finds that the extension is necessary to protect the community or to safeguard the welfare of the juvenile.

N.C. Gen. Stat. § 7B-2510(c) (2017).

"When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute." *Matter of B.O.A.*, ___ N.C. ___, ___, 831 S.E.2d 305, 311 (2019) (quoting *Diaz v. Div. of Soc. Servs. & Div. of Med. Assistance, N. Carolina Dep't of Health & Human Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006)). North Carolina General Statute § 7B-2510(c) states the trial court "may" extend Helen's probation if it "finds that the extension is necessary to protect the community or to safeguard the welfare of the juvenile." N.C. Gen. Stat. § 7B-2510(c). The use of the word may, which is permissive, applies to the trial court's decision to extend Helen's probation. *See Anthony v. City of Shelby*, 152 N.C. App. 144, 147, 567 S.E.2d 222, 225 (2002) ("As a general rule, 'when the word "may" is used in a statute, it will be construed as permissive and not mandatory.'" (quoting *In re*

*Hardy,* 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978))). The trial court has the discretion to extend Helen's probation as allowed by the statute. *See* N.C. Gen. Stat. § 7B-2510(c). However, North Carolina General Statute § 7B-2510(c) requires the trial court to find either that the probation extension is "necessary to protect the community or to safeguard the welfare of the juvenile." N.C. Gen. Stat. § 7B-2510(c).

We note that the problem in this case may have arisen because the trial court used an apparently outdated form entitled "Order for Motion for Review Hearing," MCCS Form JV-MCCS 100 (12/00) for entry of the order.[2] This form has preprinted language directed to an *admission of a violation* of "probation or protective supervision." But Helen had not violated her probation; the matter was on for review for an extension of probation. The current juvenile court form normally used in this situation would be AOC-J-481, Rev. 12/17, entitled "Juvenile Order on Motion for Review (Other than Violation)" based upon North Carolina General Statutes §§ 7B-2510, -2600. This form includes blanks and information based upon the type of review motion presented, and the language tracks the required findings as required by North Carolina General Statute § 7B-2510(c). The form also includes a notation as follows: "NOTE: Pursuant to G.S. 7B-2510, the juvenile's probation may not be extended beyond one year. If the juvenile's probation is extended, the Court must find that the

---

[2] Based upon our research, the form used was a Mecklenburg County form and not a standard form adopted by the Administrative Office of the Courts. The notation at the bottom of the form indicates it was adopted in December 2000. The relevant statutory provisions have been amended several times since 2000. *See* N.C. Gen. Stat. § 7B-2510 (history).

extension is necessary to protect the community or to safeguard the welfare of the juvenile."

We conclude that North Carolina General Statute § 7B-2510 requires the trial court to make written findings regarding the statutory factor supporting extension of the juvenile's probation. *See In re D.L.H.*, 198 N.C. App. at 296, 679 S.E.2d at 456, *rev'd on other grounds*, 364 N.C. 214, 694 S.E.2d 753. The evidence *could* support findings of fact supporting an extension of probation as necessary to safeguard Helen's welfare, but this Court cannot make findings of fact.

> When the trial court is the trier of fact, the court is empowered to assign weight to the evidence presented at the trial as it deems appropriate. In this situation, the trial judge acts as both judge and jury, thus resolving any conflicts in the evidence. If there is competent evidence to support the trial court's findings of fact and conclusions of law, the same are binding on appeal even in the presence of evidence to the contrary.

*In re Oghenekevebe*, 123 N.C. App. 434, 439, 473 S.E.2d 393, 397-98 (1996) (citations omitted).

Based on the transcript, the trial court indicated that continuing Helen's probation was in her best interest, although the trial court did not specifically find that the extension was "necessary . . . to safeguard the welfare of the juvenile." *See* N.C. Gen. Stat. § 7B-2510(c). Because there was information before the trial court which could support findings of fact as required by North Carolina General Statute § 7B-2510(c) to support extending Helen's probation, but the trial court did not make

any findings in the order, we reverse and remand for entry of a new order.

IV.    Conclusion

Because the trial court did not include any findings in the motion for review order, we reverse and remand for the trial court to enter a new order, including findings of fact as required by North Carolina General Statute § 7B-2510(c), based upon the existing record.  It is within the trial court's discretion to determine whether "the extension is necessary to protect the community or to safeguard the welfare of the juvenile." *Id.*

REVERSED AND REMANDED.

Judges ARROWOOD and BROOK concur.