An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-245

Filed 7 January 2026

Mecklenburg County, No. 22CVD019455-590

JOANNE LEVINSKY, Plaintiff,

v.

MATTHEW LEVINSKY, Defendant.

Appeal by Defendant from judgment and order entered 24 September 2024 by Judge Gary L. Henderson in Mecklenburg County District Court. Heard in the Court of Appeals 15 October 2025.

> *James, McElroy & Diehl, P.A., by Preston O. Odom, III, and Jon R. Burns, for Plaintiff-Appellee.*
>
> *Sodoma Law, P.C., by Kelsey J. Queen, for Defendant-Appellant.*

COLLINS, Judge.

Defendant, Matthew Levinsky, appeals from the trial court's judgment concluding that he breached a separation agreement and awarding Plaintiff, Joanne Levinsky, damages and attorney's fees. For the reasons explained below, we affirm the trial court's judgment.

## I. Background

Plaintiff and Defendant were married in June 1996 and separated in October 2013. Three children were born out of the marriage. Plaintiff was the homemaker during the marriage while Defendant was, and still is, employed as a cardiologist with Novant Health.

On 11 August 2016, the parties executed a written Separation Agreement ("2016 Agreement") addressing, among other matters, child support, spousal support, and allocation of certain educational expenses. The parties negotiated the terms between themselves and hired an attorney to draft the agreement. Both parties reviewed the agreement, declined to seek independent legal counsel, and signed and acknowledged the agreement in the attorney's presence. The attorney subsequently executed a certificate of acknowledgement confirming his capacity as a certifying official under N.C. Gen. Stat. § 10B-3(1).

The 2016 Agreement provides in relevant part as follows:

CHILD SUPPORT

8. . . . The parties agree that Father should pay Mother for Child Support according to the following schedule, whereby the percentage listed below is a defined as a percentage of

| 0-2 years | 30% |
|-----------|-----|
| 2-6 years | 15% |
| 6 years and beyond | No child Support |

The sums shall be due and payable immediately following the first day of each month.

(a) The parties agree that the child support for all

children that is established by this Agreement shall continue until that child is emancipated by reaching the age of majority, which shall be placed at the age of 18.

(b) If one or more of the children cease to live with Mother, the child support shall be adjusted proportionally.

(c) If one or more of the children should die while still entitled to child support, the child support shall be adjusted proportionally. 1/3 of the child support shall be reduced.

(d) If Father should die before any child reaches the age of majority (defined as 18 years of age), the agreed upon amounts shall continue to be payable by Father's estate.

. . . .

11. Primary Education. The parties agree that [F]ather shall provide for the expenses for summer camps, music lessons, athletic training, special education, tutoring or any other education program of each minor child.

. . . .

### SPOUSAL SUPPORT

13. General. The parties agree that Father should pay Mother for Spousal Support according to the following schedule, whereby the percentage listed below is defined as a percentage of

| | |
|---|---|
| 0-2 years | 20% |
| 2-4 years | 25% |
| 4-8 years | 30% |
| 8 years and beyond | terminated, none due |

> The sum shall be due payable immediately following the first day of the month.
>
> . . . .
>
> 29. Attorney's Fees. The parties agree that if it becomes necessary by either party to institute legal action because of breach of this Agreement the losing party shall indemnify the prevailing party for all legal fees and costs incurred by the prevailing party.

In June 2018, at Defendant's request, the parties executed a written amendment ("2018 Amendment") specifying that from 1 July 2018 through 3 March 2023, Defendant would pay 20% of his income as alimony and 30% of his income as child support. Both obligations were expressly extended through March 2023:

> Spousal and Child Support are amended/revised as follows:
>
> From July 1, 2018 until March 3, 2023, Matthew Levinsky will pay 30% of income as child support to Joanne Levinsky and 20% of income as alimony (spousal support)[.]
>
> On March 3, 2023 all alimony (spousal support) and child support payments shall be considered paid in full with no further payments due or obligation.

In July 2022, Defendant notified Plaintiff that he intended to discontinue child support payments before the contractual end date of 3 March 2023. In September 2022, Plaintiff sent Defendant a letter requesting that he resume payments and reimburse her for $97,177.88 in unpaid educational and athletic-training expenses, as required by the 2016 Agreement. Defendant responded that both the 2016 Agreement and 2018 Amendment (collectively, "the Agreements") were void ab initio due to alleged defects in execution and that he would make no further support

payments.

Plaintiff filed this breach-of-contract action. Defendant answered and denied liability and also counterclaimed for unjust enrichment. Plaintiff replied and denied liability for unjust enrichment.

The matter was tried in a bench trial on 28-29 February 2024. On 24 September 2024, the trial court entered a judgment and order resolving the parties' claims. The trial court found and concluded that Defendant had breached the parties Agreements and that Defendant owed Plaintiff attorney's fees. The trial court further found and concluded that Plaintiff was not unjustly enriched. The trial court ordered Defendant to pay Plaintiff $241,842.79 plus interest for his breach of contract, broken down as follows: $70,513.08 for unpaid monthly child support amounts in years 2022 and 2023; $81,199.75 for unpaid monthly alimony in years 2022 and 2023; and $90,129.96 for unreimbursed extracurricular expenses. The trial court also ordered Defendant to pay Plaintiff $50,000 plus interest in attorney's fees.

Defendant timely noticed appeal to this Court.

## II.    Discussion

Defendant argues that the trial court erred by concluding the Agreements were valid and enforceable, determining the amount of unpaid child support, and entering judgment against him for arrears.

### A.  Standard of Review

This Court reviews an order resulting from a bench trial to determine "whether

there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *Clemons v. Clemons*, 265 N.C. App. 113, 115 (2019) (citation omitted). "The trial court's unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal." *Klein v. Klein*, 290 N.C. App. 570, 577 (2023) (citation omitted). "[I]ssues of credibility, contradictions, and discrepancies are for the trial court . . . to resolve." *Sergeef v. Sergeef*, 250 N.C. App. 404, 406 (2016) (citation omitted). We review the trial court's conclusions of law de novo. *Heaton-Sides v. Snipes*, 233 N.C. App. 1, 3 (2014).

**B. Valid Contract**

Defendant first contends the Agreements were unenforceable as to child support because the parties disagree on the meanings of the contract's ambiguous terms.

The goal of contract construction "is to arrive at the intent of the parties when the contract was issued." *Mayo v. N.C. State Univ.*, 168 N.C. App. 503, 508 (2005) (citation omitted). "The intent of the parties may be derived from the language in the contract." *Id.* (citation omitted). Where a contract contains ambiguous language, "a factual question exists, which must be resolved by the trier of fact." *Id.* (citation omitted).

"The parol evidence rule prohibits the admission of parol evidence to vary, add to, or contradict a written instrument intended to be the final integration of the

transaction." *Id.* at 509 (citation omitted). But where the terms of a contract are ambiguous, "parol evidence is admissible to show and make certain the intention behind the contract." *Id.* (citation omitted). Furthermore, "[e]vidence of conduct by the parties after executing the contract is not subject to the parol evidence rule, and is admissible to show intent and meaning." *Cordaro v. Singleton*, 31 N.C. App. 476, 479 (1976).

Here, paragraph eight states: "The parties agree that Father should pay Mother for Child Support according to the following schedule, whereby the percentage listed below is a [sic] defined as a percentage of." The 2018 Amendment states that Defendant shall pay 30% of his "income" to Plaintiff as child support.

Both parties testified regarding the ambiguous terms of the Agreements. The parties agreed that paragraph eight of the 2016 Agreement is ambiguous because it does not specify the amount of income the percentage of child support payment is based on. The parties also agreed that the term "income" in the 2018 Amendment is not defined. Despite the ambiguity, both parties operated for years under Defendant's definition – the net pay on his paystubs. Defendant testified that he and Plaintiff discussed and agreed to use net pay; Mother testified she accepted payments consistent with that practice throughout the contract period.

This evidence supports the trial court's findings and conclusion that the Agreements are binding and enforceable.

Additionally, Defendant does not challenge the validity of the Agreements as to alimony, extracurricular expenses, or attorney's fees. He also does not argue severability on appeal. *See Howell v. Landry*, 96 N.C. App. 516, 531-32 (1989).

Accordingly, Defendant's argument lacks merit.

## C. Unpaid child support

Defendant next argues that the trial court erred in calculating unpaid child support. He argues the court should have credited him for "advance" payments made between 2016 and 2021 and reduced his obligation by one-third when the parties' middle child reached majority in 2017.

By statute, child support payments generally "shall terminate when the child reaches the age of 18." N.C. Gen. Stat. § 50-13.4(c)(2) (2024). However, "[a] supporting parent may enter into an enforceable agreement to pay more than would be required under the child support guidelines or to pay for a longer period of time than required" by statute. *Malone v. Hutchison-Malone*, 246 N.C. App. 544, 547-48 (2016).

At trial, the parties disagreed concerning the amounts paid, and owed, with respect to alimony and child support from 2016-22. "[I]ssues of credibility, contradictions, and discrepancies are for the trial court . . . to resolve." *Sergeef*, 250 N.C. App. at 406 (citation omitted). Furthermore, Defendant testified that, despite their middle child turning eighteen in 2017, he intended to continue paying 30% of his income as child support and did so until the 2018 Amendment:

Q. ·Okay. ·And you testified in your own examination that you never intended to reduce your payment below 30 percent, even after you knew that [your middle child] had turned 18 in 2017, correct?

A. · Correct. · That's my -- that's what I recall.

Q. · Okay. · So it was always in your -- in your mind that it was going to be 30 percent. · You asked to change it, you asked to extend it, and you kept it at 30 percent, correct?

A. · I kept it at 30 percent.

Q. · Even though [your middle child] had aged out, or had turned 18 before the amendment ---

A. Yes.  Yes.

Because competent evidence supports the trial court's findings, the calculation of $70,513.08 in unpaid child support is affirmed.

## D. Statute of Limitations

Finally, Defendant argues that the trial court erred in finding that Plaintiff's claim for payment of costs for extracurricular expenses was not barred by the three-year statute of limitations for contract actions.  *See* N.C. Gen. Stat. § 1-52(1) (2024).

A cause of action for breach of contract accrues when the breaching party refuses to perform.  *Quality Built Homes, Inc. v. Town of Carthage*, 371 N.C. 60, 69 (2018).  As soon as the injury becomes apparent, the cause of action is complete.  *Clute v. Gosney*, 290 N.C. App. 368, 373 (2023).

Plaintiff demanded reimbursement for the extracurricular expenses on 6 September 2022.  Defendant unequivocally refused on 13 October 2022 to reimburse

her.  Plaintiff filed suit on 30 November 2022, well within three years of the breach. That the expenses were incurred earlier does not trigger the statute of limitations; the claim accrued upon Defendant's refusal to reimburse Plaintiff under the contract.

Accordingly, the trial court did not err by awarding Plaintiff $90,129.96 in reimbursement for the extracurricular activities.

### III. Conclusion

For the reasons stated above, the trial court's order is affirmed.

AFFIRMED.

Judges GORE and STADING concur.

Report per Rule 30(e).